**In re Eric Daniel JONES, Debtor.**

**Bankruptcy No. 3–85–01015.**

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 14, 1986.

W. Craig Aulenbach, Louisville, Ky., for debtor.

Andrew Hyman, Louisville, Ky., for creditor.

John Wilson, Louisville, Ky., Trustee.

## OPINION–ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court pursuant to a "STATEMENT" filed in this petition questioning whether the debtor's petition for relief under Chapter 7 is a substantial abuse as denoted in Section 707(b).

The "STATEMENT" sets forth certain particulars disclosed in the debtor's petition as justifying dismissal of the case under Section 707, notably excess monthly income of $406.00, only six (6) unsecured creditors totaling in amount $2,453.00, and alleging the maker of the "STATEMENT" is not a party in interest nor involved with the debtor in any way, nor is he receiving any legal consideration for making the statement.

In this respect, reference is made to Section 707, which reads as follows:

Section 707. Dismissal.

(b) After notice and a hearing, the court, on its own motion *and not at the request or suggestion of any party in interest,* may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. (Emphasis added.)

Pursuant to said provisions, the court held a hearing on the merits of the issues raised by the filing of this "Statement". Additionally, counsel for the debtor has filed of record the deposition taken of the preparer of the "Statement" together with Answers to Interrogatories propounded to him.

Based on the evidence adduced at the hearing and by discovery, it is established, and the court so finds, that the preparer of the "Statement" is an attorney at law with offices located in the same building as counsel for one of the debtor's creditors.

Mr. Hyman, the creditor's counsel, acknowledges having reviewed the debtor's bankruptcy petition and preparing the "Statement" now in question. He thereafter had one of his associates solicit attorneys in his building seeking a signature for the "Statement". Mr. Rankin obligingly affixed his signature and inserted his name in three blank spaces provided in the "Statement".

At issue is whether this statement comes before the court "... not at the request or suggestion of any party in interest ...".

In determining whether a debtor's petition is violative of the "substantial abuse" forming the basis of dismissal under Section 707(b), it must first be determined whether the petition has properly been brought to the court's attention; and secondly, after notice and hearing, whether the facts of each particular case on their merits warrant a dismissal of the petition.

It is this first inquiry which is here addressed. This provision, while restrictive as to a request or suggestion of any party in interest, fails to denote what, if any,

sanction should be assessed against a party in interest improperly requesting or suggesting judicial action under Section 707, or what action, if any, should be taken on the debtor's petition where the matter is improperly brought to the court's attention.

It is the court's opinion in the instant case, that the "Statement" of Rankin is improper even though he does not personally represent any of debtor's creditors. It is freely admitted by Mr. Hyman that as counsel for a creditor he initiated a review of the debtor's petition, authorized or had prepared the "Statement", and then canvassed his building to locate a willing but "non-interested attorney" to sign same. The provisions of Section 707 are clear and unequivocal. Here, a creditor, through its counsel, has initiated a process seeking to accomplish indirectly that which it admittedly cannot do directly. It has not been suggested or implied, nor could it be, that the creditor's attorney is any less restrained than his principal. The charade of Hyman acting through Rankin does not cloak the "Statement" with validity. Rather it is one alleged substantial abuse being exposed by a blatant one. Simply stated, this entire process was initiated at the suggestion of a party in interest, and is no less so, merely by this filtration.

Accordingly, and for the reasons above stated, the "Statement" of Rankin being here elevated to the status of a motion pursuant to Section 707(b) be and it is hereby overruled, as being initiated at the suggestion of a party in interest and hence, precluded from consideration by that very provision it seeks to invoke.

This is a final and appealable Order, and there is no just cause for delay.